So Ordered.

Signed this 21 day of December, 2022.



Robert E. Littlefield, Jr.
United States Bankruptcy Judge

| UNITED STATES BANKRUPTCY COURT NORTHERN DISTRICT OF NEW YORK | Case No. 17-12388-1-rel |
|---|---|
| In re: | |
| Wendy M. Keller & Robert A. Keller, | Chapter 13 |
| Debtor(s). | |

**STIPULATION AND ORDER AUTHORIZING PARTIES TO ENTER INTO LOAN MODIFICATION AND DIRECTING TREATMENT OF MORTGAGE CLAIM**

WHEREAS, the Debtor(s) are owners of property located at 175 Boyce Road, Nassau, NY 12123 ("Property") and Rushmore Loan Management Services, LLC as servicer for U.S. Bank Trust National Association, as Trustee of the Dwelling Series IV Trust ("Creditor") is the holder of a note in the original amount of $115,500.00 ("Note") and mortgage ("Mortgage") against the Property securing the Note; and

WHEREAS, a Loss Mitigation Order granting Debtor(s)' Loss Mitigation Request was entered on 06/24/2021  ; and

1

(LM:10 Stip. & Order Auth. Loan Mod. rev. 01-04-2017)

WHEREAS, the Loss Mitigation Parties and their respective attorneys have negotiated in good faith and reached an agreement to modify the terms of the Note and Mortgage ("Loan Modification Agreement") and require court approval to enter into such modification.

NOW, IT IS HEREBY STIPULATED AND AGREED as follows:

1. The automatic stay imposed by 11 U.S.C. § 362(a) upon the filing of the Debtor(s)' petition is hereby modified solely for the purpose of allowing the Debtor(s) and Creditor to execute and record a Loan Modification Agreement; and

2. Debtor(s) and Creditor are hereby authorized to execute and record the Loan Modification Agreement annexed hereto as **Exhibit A**; and

3. Below is a comparison of the terms of the Note and Mortgage and Loan Modification Agreement:

| Current Terms[1] | | Modified Terms | |
|---|---|---|---|
| Unpaid Principal Balance | $59,838.58 | Unpaid Principal Balance | $99,305.95 |
|  |  | Principal Amount Forgiven | N/A |
| Maturity Date | 05/01/2024 | Maturity Date | 05/01/2042 |
|  |  | Term of modification | 20 years |
| Payment Due Date | 06/01/2016 | Payment Due Date | 06/01/2022 |
| Monthly Payment | $1,427.03 | Monthly Payment | $1,341.56 |
| Principal and Interest | $754.30 | Principal and Interest | $641.74 |
| Escrow | $672.73 | Escrow | $699.82 |
| Interest Rate | 4.875% | Interest Rate | 4.75% |
| Other Salient Terms (*e.g.*, balloon payment) |  | Other Salient Terms (*e.g.*, balloon payment) | n/a |
|  |  | Additional Amount Capitalized | $48,993.80 |

4. The secured claim for prepetition mortgage arrears filed by the Creditor as Claim No. -

---

[1] Per Claim No. 6-1, as of Petition Date.

2

(LM:10 Stip. & Order Auth. Loan Mod. rev. 01-04-2017)

__6-1__ on the PACER Claim Register ("Claim") is deemed modified to reflect the amount paid by the Trustee as of the date of entry of this Order, with any and all balance due on said Claim reduced to zero ($0.00); and

5. The Trustee is hereby directed to *[please check appropriate box below]*:

> X  Cease all further payments to Creditor on the Claim and on any and all Notices of Postpetition Fees and Costs filed in connection with the Claim in this case.
>
> Make the ongoing post-petition mortgage payment to Creditor as set forth in Debtor(s)' chapter 13 plan.

6. Creditor acknowledges and consents to the reallocation and release of funds p/reviously held for the benefit of Creditor and further acknowledges that the Chapter 13 Standing Trustee shall pay out same, pursuant to the terms of Debtor's Plan.

Dated: December 16th, 2022        /s/ Jonathan D. Warner, Esq.
　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　Jonathan D. Warner
　　　　　　　　　　　　　　　　　　　　Attorney for Debtor
　　　　　　　　　　　　　　　　　　　　Warner & Warner, PLLC
　　　　　　　　　　　　　　　　　　　　6 Automation Lane
　　　　　　　　　　　　　　　　　　　　Suite 109
　　　　　　　　　　　　　　　　　　　　Albany, NY 12205

Dated: December 20th, 2022        /s/ Katherine Heidbrink
　　　　　　　　　　　　　　　　　　　Katherine Heidbrink
　　　　　　　　　　　　　　　　　　　Attorney for Creditor
　　　　　　　　　　　　　　　　　　　Friedman Vartolo LLP
　　　　　　　　　　　　　　　　　　　1325 Franklin Avenue, Suite 160
　　　　　　　　　　　　　　　　　　　Garden City, NY 11530

(LM:10 Stip. & Order Auth. Loan Mod. rev. 01-04-2017)

Dated: 12/20/22                                  /s/ Bonnie S R
                                                 _____
                                                 Andrea E. Celli-Trustee
                                                 Chapter 13 Standing Trustee
                                                 7 Southwoods Boulevard
                                                 Albany, NY 12211

###

# EXHIBIT A

**After Recording Return To:**
Rushmore Loan Management Services LLC
ATTN: Collateral Dept.
8616 Freeport Parkway, Suite 100
Irving, TX 75063

**This Document Prepared By:**
KIRK DUNAR
Rushmore Loan Management Services LLC
15480 Laguna Canyon Road
Irvine, CA 92618

**Parcel ID Number:**

**Original Loan Note Amount: $115,500.00**
**Current UPB: $50,312.15**
**New Money: $0.00**
**New UPB: $99,305.95**
**Section: 191, Block: 2, Lot: 8.3**

_____ [Space Above This Line For Recording Data] _____

Original Recording Date: **April 26, 2004**     Loan No
                                                 Investor Loan No:

# LOAN MODIFICATION AGREEMENT
(Providing For Fixed Interest Rate)

**This property is or will be improved by a one or two family dwelling only.**

This Loan Modification Agreement ("Agreement"), made this 26th day of May, 2022, between **WENDY M KELLER, whose mailing address is 175 BOYCE RD, NASSAU, NY 12123** ("Borrower") and **Rushmore Loan Management Services LLC, whose address is 1755 Wittington Place Ste. 400, Farmers Branch, TX 75234** ("Lender"), amends and supplements (1) the Mortgage, Deed of Trust, or Security Deed (the "Security Instrument"), dated **April 13, 2004** and recorded in Book/Liber **1144**, Page **188**, Instrument No: **2004-00157076** and recorded on **April 26, 2004**, of the Official Records of **RENSSELAER County, NY** and (2) the Note, bearing the same date as, and secured by, the Security Instrument, which covers the real and personal property described in the Security Instrument and defined therein as the "Property", located at
**175 BOYCE RD, NASSAU, NY 12123**,
(Property Address)
the real property described being set forth as follows:

See Exhibit "A" attached hereto and made a part hereof;



the Chain of Title described being set forth as follows:

**See Exhibit "B" attached hereto and made a part hereof;**

In consideration of the mutual promises and agreements exchanged, the parties hereto agree as follows (notwithstanding anything to the contrary contained in the Note or Security Instrument):

1. As of **May 1, 2022**, the amount payable under the Note and the Security Instrument (the "Unpaid Principal Balance") is U.S. **$99,305.95**, consisting of the unpaid amount(s) loaned to Borrower by Lender plus any interest and other amounts capitalized.

2. Borrower promises to pay the Unpaid Principal Balance, plus interest, to the order of Lender. Interest will be charged on the Unpaid Principal Balance at the yearly rate of **4.750%**, from **May 1, 2022**. Borrower promises to make monthly payments of principal and interest of U.S. **$641.74**, beginning on the **1st** day of **June, 2022**, and continuing thereafter on the same day of each succeeding month until principal and interest are paid in full. The yearly rate of **4.750%** will remain in effect until principal and interest are paid in full. If on **May 1, 2042** (the "Maturity Date"), Borrower still owes amounts under the Note and the Security Instrument, as amended by this Agreement, Borrower will pay these amounts in full on the Maturity Date.

3. If all or any part of the Property or any interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by the Security Instrument.

   If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Borrower must pay all sums secured by the Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by the Security Instrument without further notice or demand on Borrower.

4. Borrower also will comply with all other covenants, agreements, and requirements of the Security Instrument, including without limitation, Borrower's covenants and agreements to make all payments of taxes, insurance premiums, assessments, escrow items, impounds, and all other payments that Borrower is obligated to make under the Security Instrument; however, the following terms and provisions are forever canceled, null and void, as of the date specified in paragraph No. 1 above:

   (a) all terms and provisions of the Note and Security Instrument (if any) providing for, implementing, or relating to, any change or adjustment in the rate of interest payable under the Note; and

   (b) all terms and provisions of any adjustable rate rider, or other instrument or document that is affixed to, wholly or partially incorporated into, or is part of, the Note or Security Instrument and that contains any such terms and provisions as those referred to in (a) above.

5. Borrower understands and agrees that:

   (a) All the rights and remedies, stipulations, and conditions contained in the Security Instrument relating to default in the making of payments under the Security Instrument



shall also apply to default in the making of the modified payments hereunder.

(b) All covenants, agreements, stipulations, and conditions in the Note and Security Instrument shall be and remain in full force and effect, except as herein modified, and none of the Borrower's obligations or liabilities under the Note and Security Instrument shall be diminished or released by any provisions hereof, nor shall this Agreement in any way impair, diminish, or affect any of Lender's rights under or remedies on the Note and Security Instrument, whether such rights or remedies arise thereunder or by operation of law. Also, all rights of recourse to which Lender is presently entitled against any property or any other persons in any way obligated for, or liable on, the Note and Security Instrument are expressly reserved by Lender.

(c) Nothing in this Agreement shall be understood or construed to be a satisfaction or release in whole or in part of the Note and Security Instrument.

(d) All costs and expenses incurred by Lender in connection with this Agreement, including recording fees, title examination, and attorney's fees, shall be paid by the Borrower and shall be secured by the Security Instrument, unless stipulated otherwise by Lender.

(e) Borrower agrees to make and execute such other documents or papers as may be necessary or required to effectuate the terms and conditions of this Agreement which, if approved and accepted by Lender, shall bind and inure to the heirs, executors, administrators, and assigns of the Borrower.

(f) Borrower authorizes Lender, and Lender's successors and assigns, to share Borrower information including, but not limited to (i) name, address, and telephone number, (ii) Social Security Number, (iii) credit score, (iv) income, (v) payment history, (vi) account balances and activity, including information about any modification or foreclosure relief programs, with Third Parties that can assist Lender and Borrower in obtaining a foreclosure prevention alternative, or otherwise provide support services related to Borrower's loan. For purposes of this section, Third Parties include a counseling agency, state or local Housing Finance Agency or similar entity, any insurer, guarantor, or servicer that insures, guarantees, or services Borrower's loan or any other mortgage loan secured by the Property on which Borrower is obligated, or to any companies that perform support services to them in connection with Borrower's loan.

Borrower consents to being contacted by Lender or Third Parties concerning mortgage assistance relating to Borrower's loan including the trial period plan to modify Borrower's loan, at any telephone number, including mobile telephone number, or email address Borrower has provided to Lender or Third Parties.

By checking this box, Borrower also consents to being contacted by text messaging [ ].

6. Notwithstanding anything to the contrary contained in this Agreement, Borrower and Lender acknowledge the effect of a discharge in bankruptcy that has been granted to Borrower prior to the execution of this Agreement and that Lender may not pursue Borrower for personal liability. However, Borrower acknowledges that Lender retains certain rights, including but not limited to the right to foreclose its lien evidenced by the Security Instrument under appropriate circumstances. The parties agree that the consideration for this Agreement is Lender's forbearance from presently exercising its rights and pursuing its remedies under the Security

Instrument as a result of Borrower's default thereunder. Nothing in this Agreement shall be construed to be an attempt to collect against Borrower personally or an attempt to revive personal liability.

7. This Agreement modifies an obligation secured by an existing security instrument recorded in RENSSELAER County, NY, upon which all recordation taxes have been paid. As of the date of this agreement, the unpaid principal balance of the original obligation secured by the existing security instrument is $50,312.15. The principal balance secured by the existing security instrument as a result of this Agreement is $99,305.95, which amount represents the excess of the unpaid principal balance of this original obligation.

In Witness Whereof, the Lender and I have executed this Agreement.

_Wendy M. Keller_   Date: 7/25/22
**WENDY M KELLER** -Borrower

_____ [Space Below This Line For Acknowledgments] _____

State of New York
County of __Albany__
On the 25th day of __July__ in the year 2022 before me, the undersigned,

a Notary Public in and for said State, personally appeared **WENDY M KELLER**, personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument.

_signature_
Signature
_____ Office

SAMUEL B WARNER
NOTARY PUBLIC, STATE OF NEW YORK
ALBANY COUNTY
LIC. #02WA6278994
COMM. EXP. 4/8/25

**Rushmore Loan Management Services LLC**

By: _____ (Seal) - Lender
Name: Tim Lightfoot
Title: Sr. Vice President

_____AUG 1 8 2022_____ Date of Lender's Signature

[Space Below This Line For Acknowledgments]

STATE OF __TEXAS__ )
COUNTY OF __DALLAS__ ) SS.:

On the _____ day of _____ in the year AUG 1 8 2022 before me, the undersigned, personally appeared __Tim Lightfoot__, personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s), or the person on behalf of which the individual(s) acted, executed the instrument.

_____
(Signature and office of individual taking acknowledgment.)

MICHAEL LARRY
Notary ID #133419709
My Commission Expires
October 28, 2025

# Exhibit "A"

Loan Number:

Property Address: **175 BOYCE RD, NASSAU, NY 12123**

Legal Description:

ALL THAT CERTAIN LOT, PIECE OR PARCEL OF LAND, SITUATE, LYING AND BEING IN THE TOWN OF SCHODACK, RENSSELAER COUNTY, NEW YORK, BOUNDED AND DESCRIBED AS FOLLOWS: BEGINNING AT AN IRON PIPE SET IN THE WESTERLY BOUNDARY LINE OF BOYCE ROAD, FROM WHICH POINT OR PLACE OF BEGINNING IT IS A DISTANCE OF 51.6 FEET SOUTH 80 DEGREES 27 MINUTES 30 SECONDS WEST TO THE NORTHEASTERLY MOST CORNER OF A DWELLING LOCATED UPON THE PROPERTY DESCRIBED HEREIN, FROM WHICH POINT OR PLACE OF BEGINNING IS A DISTANCE OF 74.05 FEET SOUTH 61 DEGREES 28 MINUTES 0 SECONDS WEST TO THE SOUTHEASTERLY MOST CORNER OF SAID DWELLING, AND WHICH POINT OR PLACE OF BEGINNING IS 14 FEET SOUTH ALONG THE SAID WESTERLY BOUNDARY LINE OF BOYCE ROAD FROM AN IRON PIPE SET IN CONCRETE, WHICH IRON PIPE SET IN CONCRETE MARKS THE SOUTHEASTERLY MOST CORNER OF THE BOUNDARY LINE BETWEEN THE LANDS OF MATTHEW J. MCGARRY, JR. AND THE LANDS OF CATHERINE MCGARRY, THEN FROM SAID POINT OR PLACE OF BEGINNING ALONG THE FOLLOWING COURSES AND DISTANCES: NORTH 63 DEGREES 21 MINUTES 00 SECONDS WEST A DISTANCE OF 169.57 FEET THROUGH THE LANDS OF MATTHEW J. MCGARRY, JR. TO AN IRON PIPE, THEN PROCEEDING NORTH 22 DEGREES 37 MINUTES 00 SECONDS EAST A DISTANCE OF 24.11 FEET TO AN IRON PIPE SET IN THE EXISTING BOUNDARY LINE BETWEEN THE LANDS OF MATTHEW J. MCGARRY, JR. AND THE LANDS OF CATHERINE MCGARRY, THEN PROCEEDING NORTH 60 DEGREES 00 MINUTES 00 SECONDS WEST A DISTANCE OF 240 FEET ALONG THE LANDS OF CATHERINE MCGARRY TO AN IRON PIPE, THEN PROCEEDING SOUTH 31 DEGREES 45 MINUTES 12 SECONDS WEST A DISTANCE OF 233.85 FEET THROUGH THE LANDS OF MATTHEW J. MCGARRY, JR. TO AN IRON PIPE, THEN PROCEEDING SOUTH 62 DEGREES 41 MINUTES 40 SECONDS EAST A DISTANCE OF 420 FEET THROUGH LANDS OF MATTHEW J. MCGARRY, JR. TO AN IRON PIPE SET IN THE WESTERLY BOUNDARY LINE OF BOYCE ROAD, THEN PROCEEDING NORTH 30 DEGREES 00 MINUTES 00 SECONDS EAST A DISTANCE OF 200.0 FEET ALONG THE WESTERLY BOUNDARY LINE OF SAID BOYCE ROAD TO THE POINT OR PLACE OF BEGINNING. SECTION: 191, BLOCK: 2, LOT: 803.




**Exhibit "B"**

Loan Number:
Property Address: **175 BOYCE RD, NASSAU, NY 12123**
Chain of Title: **ORIGINAL RECORDED MORTGAGE DATED 04/13/2004 RECORDED ON 04/26/2004 IN BOOK 1144 , PAGE 188  WITH INSTRUMENT NO. 2004-00157076 WITH LOAN AMOUNT $115500.00 FROM WENDY  M KELLER TO ABN AMRO MORTGAGE GROUP, INC. ASSIGNMENT OF MORTGAGE DATED 08/25/2016 FROM CITIMORTGAGE, INC, SUCCESSOR BY MERGER TO ABN AMRO MORTGAGE GROUP, INC. TO NATIONSTAR MORTGAGE LLC, RECORDED ON 09/09/2016 IN BOOK R 7935, PAGE 290 WITH INSTRUMENT NO. 2016-00500953. ASSIGNMENT OF MORTGAGE DATED 01/26/2018 FROM NATIONSTAR MORTGAGE LLC TO SPECIALIZED LOAN SERVICING LLC, RECORDED ON 01/29/2018 IN BOOK 8424, PAGE 242 WITH INSTRUMENT NO. 2018-528623.**




Page 1 of 1

## ERRORS AND OMISSIONS/COMPLIANCE AGREEMENT

Loan Number: ███  Date: **May 27, 2022**

Borrower(s): **WENDY M KELLER**

Property Address: 175 BOYCE RD, NASSAU, NY 12123

Lender: **Rushmore Loan Management Services LLC**

In consideration of **Rushmore Loan Management Services LLC** (the "Lender") agreeing to modify the referenced loan (the "Loan") to the Borrower, the Borrower agrees that if requested by the Lender, the Borrower will correct, or cooperate in the correction of, any clerical errors made in any document or agreement entered into in connection with the modification of the Loan, if deemed necessary or desirable in the reasonable discretion of the Lender, to enable Lender to sell, convey, seek guaranty or market the Loan to any entity, including without limitation, the Federal National Mortgage Association, the Federal Home Loan Mortgage Corporation, the Government National Mortgage Association, the Federal Housing Authority, the Department of Veterans Affairs, or any municipal bonding authority.

The Borrower agrees to comply with all such requests made by the Lender within 30 days of receipt of written request from the Lender. Borrower agrees to assume all costs that may be incurred by the Lender, including without limitation, actual expenses, legal fees and marketing losses. Borrower's failure to comply with all such requests within such 30 day time period will result in the Lender adjusting the modified terms without the borrower's consent.

The Borrower makes this agreement in order to assure that the documents and agreements executed in connection with the modification of the Loan will conform to and be acceptable in the marketplace in the event the Loan is transferred, conveyed, guaranteed or marketed by the Lender.

_Wendy M. Keller_    Date: 7/25/22

**WENDY M KELLER** -Borrower



## AFFIDAVIT UNDER SECTION 255 OF THE NEW YORK STATE LAW
### (Modification Agreement)

State of ~~New York~~ **TEXAS**
County of ~~RENSSELAER~~ **DALLAS**

I, _____ **Tim Lightfoot** _____, being duly sworn, deposes and says:

1. That he/she is the agent for the owner and holder of the hereinafter described mortgage, and is familiar with the facts set forth herein.

2. That a certain mortgage (the "Mortgage") bearing the date of April 13, 2004, in the principal amount of ONE HUNDRED FIFTEEN THOUSAND FIVE HUNDRED AND NO/100 ($115,500.00) was made by WENDY M KELLER as Mortgagor to ABN AMRO MORTGAGE GROUP, INC. as original Mortgagee, recorded on April 26, 2004, in Book/Liber **1144**, Page **188**, Instrument No: **2004-00157076**, in the RENSSELAER County Clerk's Office, upon which the mortgage tax in the amount of $1,130.00 was duly paid thereon.

3. That the instrument offered for recording herewith is a Modification of the Mortgage (the "Agreement") made by WENDY M KELLER to Rushmore Loan Management Services LLC effective May 1, 2022, and to be recorded in the RENSSELAER County Clerk's Office.

4. That the Agreement offered for recording modifies and does not create or secure any new or further lien, indebtedness or obligation other than the principal indebtedness or obligation secured by or which under any contingency may be secured by the recorded mortgage hereinabove first described with the exception of the following amount:

   a) Original Principal Amount         $115,500.00
   b) Current Unpaid Principal Balance  $50,312.15
   c) New Money                         $0.00
   d) New Unpaid Principal Balance      $99,305.95

5. That there have been no re-loans or re-advances on the Mortgage.

6. That additional mortgage recording tax of $ __0.00__ is being paid on the Agreement on the sum set forth in 4c.

7. That Exemption from further tax is CLAIMED under Section 255 of the Tax Law.

8. That the chain of title for the Mortgage is: **ORIGINAL RECORDED MORTGAGE DATED 04/13/2004 RECORDED ON 04/26/2004 IN BOOK 1144, PAGE 188 WITH INSTRUMENT NO. 2004-00157076 WITH LOAN AMOUNT $115500.00 FROM WENDY M KELLER TO ABN AMRO MORTGAGE GROUP, INC. ASSIGNMENT OF MORTGAGE DATED 08/25/2016 FROM CITIMORTGAGE, INC, SUCCESSOR BY MERGER TO ABN AMRO MORTGAGE GROUP, INC. TO NATIONSTAR MORTGAGE LLC, RECORDED ON 09/09/2016 IN BOOK R 7935, PAGE 290 WITH INSTRUMENT NO. 2016-00500953. ASSIGNMENT OF MORTGAGE DATED 01/26/2018 FROM NATIONSTAR MORTGAGE LLC TO SPECIALIZED LOAN SERVICING LLC, RECORDED ON 01/29/2018 IN BOOK 8424, PAGE 242 WITH INSTRUMENT NO. 2018-528623.**

9. That the Legal Description for the property is: **ALL THAT CERTAIN LOT, PIECE OR PARCEL OF LAND, SITUATE, LYING AND BEING IN THE TOWN OF SCHODACK, RENSSELAER COUNTY, NEW YORK, BOUNDED AND DESCRIBED AS FOLLOWS: BEGINNING AT AN IRON PIPE SET IN THE WESTERLY BOUNDARY LINE OF BOYCE ROAD, FROM WHICH POINT OR PLACE OF BEGINNING IT IS A DISTANCE OF 51.6 FEET SOUTH 80 DEGREES 27 MINUTES 30 SECONDS WEST TO THE NORTHEASTERLY MOST CORNER OF A DWELLING LOCATED UPON THE PROPERTY DESCRIBED HEREIN, FROM WHICH POINT OR PLACE OF BEGINNING IS A DISTANCE OF 74.05 FEET SOUTH 61 DEGREES 28 MINUTES 0 SECONDS WEST TO THE SOUTHEASTERLY MOST CORNER OF SAID DWELLING, AND WHICH POINT OR PLACE OF BEGINNING IS 14 FEET SOUTH ALONG THE SAID WESTERLY BOUNDARY LINE OF BOYCE ROAD FROM AN IRON PIPE SET IN CONCRETE, WHICH IRON PIPE SET IN CONCRETE MARKS**

THE SOUTHEASTERLY MOST CORNER OF THE BOUNDARY LINE BETWEEN THE LANDS OF MATTHEW J. MCGARRY, JR. AND THE LANDS OF CATHERINE MCGARRY, THEN FROM SAID POINT OR PLACE OF BEGINNING ALONG THE FOLLOWING COURSES AND DISTANCES: NORTH 63 DEGREES 21 MINUTES 00 SECONDS WEST A DISTANCE OF 169.57 FEET THROUGH THE LANDS OF MATTHEW J. MCGARRY, JR. TO AN IRON PIPE, THEN PROCEEDING NORTH 22 DEGREES 37 MINUTES 00 SECONDS EAST A DISTANCE OF 24.11 FEET TO AN IRON PIPE SET IN THE EXISTING BOUNDARY LINE BETWEEN THE LANDS OF MATTHEW J. MCGARRY, JR. AND THE LANDS OF CATHERINE MCGARRY, THEN PROCEEDING NORTH 60 DEGREES 00 MINUTES 00 SECONDS WEST A DISTANCE OF 240 FEET ALONG THE LANDS OF CATHERINE MCGARRY TO AN IRON PIPE, THEN PROCEEDING SOUTH 31 DEGREES 45 MINUTES 12 SECONDS WEST A DISTANCE OF 233.85 FEET THROUGH THE LANDS OF MATTHEW J. MCGARRY, JR. TO AN IRON PIPE, THEN PROCEEDING SOUTH 62 DEGREES 41 MINUTES 40 SECONDS EAST A DISTANCE OF 420 FEET THROUGH LANDS OF MATTHEW J. MCGARRY, JR. TO AN IRON PIPE SET IN THE WESTERLY BOUNDARY LINE OF BOYCE ROAD, THEN PROCEEDING NORTH 30 DEGREES 00 MINUTES 00 SECONDS EAST A DISTANCE OF 200.0 FEET ALONG THE WESTERLY BOUNDARY LINE OF SAID BOYCE ROAD TO THE POINT OR PLACE OF BEGINNING. SECTION: 191, BLOCK: 2, LOT: 803.

Rushmore Loan Management Services LLC

Name: _____ /s/ _____   Tim Lightfoot
Title: _____  Sr. Vice President    AUG 1 8 2022
Sworn to before me this _____ day of _____, 20____.

Notary Public, State of  _____
My Commission Expires: _____




Page 2 of 2